# HILLSBOROUGH,

## JULY TERM, A. D. 1854.

## Patten *v.* Moor & *a.*

The rule which privileges an attorney or counsel from disclosing confidential communications, does not extend to facts which have come to his knowledge, by being done in his presence, though he was present in consequence of his engagement as counsel.

If a legal document is executed or altered in the presence of counsel, he will not be privileged from testifying as to the fact.

In CHANCERY, upon a bill pending between these parties, it became material to show at what date a certain deed of mortgage of personal property, relied upon by the plaintiff, signed and sworn to, was executed. It was alleged by the defendants that this mortgage, though dated November 13th, 1848, was not subscribed, nor sworn to nor recorded until November 3d, 1851.

David J. Clark, Esq. one of the counsel for the complainant, was summoned as a witness for the defendants, before the commissioner appointed to take the evidence in the case, and attended; his deposition was commenced, and upon his declining to answer certain interrogatories proposed to him, the taking was suspended; and application is now made to the court for an order on Mr. Clark to answer.

The interrogatories proposed and the answers given were as follows:

*Int.* State whether the parties to the mortgage, William Moor, 2d, and William P. Gage to Samuel Patten, dated

November 13th, 1848, signed the affidavit to said mortgage in your office, and if so, when ?

*Ans.* I decline to answer, on the ground that I am the attorney of said Patten, and the matter relating to this suit was made known to me by my client, while acting as his attorney, and I am not authorized to state any of these matters. And, furthermore, I had no notice that I should be used as a witness in this suit until I was summoned as a witness during this present week; and I am not aware that my client has been informed of it at all, unless he has been to-day, and he has not had time to employ other counsel.

*Int.* State whether said William Moor, 2d, and William P. Gage are your clients in this suit, or ever were in any suit; and whether they ever made any communication to you, which they regard as privileged.

*Ans.* They never were my clients in this or any other suit, and whether they consider their communications to me as privileged is more than I know.

*Int.* State whether they have ever objected to your answering the foregoing question.

*Ans.* I have never consulted with them about it. They have made no objections known to me.

*Clark & Bell,* for the defendants.

The question now before the court is, whether the witness is protected from answering by reason of communications being made to him in professional confidence.

" The general rule that a client is protected in the confidence which he reposes in his attorneys, is well settled."

" The rule does not extend to an agent, nor to one consulted confidentially, but not as an attorney, because it has been thought that the same necessity does not exist."

" Nor to an attorney, farther than to the knowledge acquired by him as an attorney, and in the course of professional engagement; the relation of client and attorney must

subsist at the time, and the facts must have been acquired by the attorney through the confidence of his client." *Brown* v. *Payson*, 6 N. H. Rep. 444.

The privilege does not extend to matters not communicated by his client as confidential, nor facts known of his own knowledge; nor to the fact of the execution of a deed, especially if attested by him; nor to the hand-writing of the client, though the knowledge of it has been acquired in consequence of the employment; nor to the fact of his client having sworn to an answer in chancery; and so of other collateral facts not confidentially communicated. *Foster* v. *Hall*, 12 Pick. 98, 99.

The rule does not apply where there cannot be said, in any correctness of speech, to be a communication at all, as where, for instance, a fact, something that was done, became known to him, from his having been brought to a certain place by the circumstance of his being the attorney, but of which fact any other man, if there, would have been equally conversant, or where the matter communicated was not in its nature private, and could in no sense be termed the subject of a confidential disclosure. 1 Greenl. Ev. 279; *Greenough* v. *Gaskell*, 1 Mylne & Keen 98, cited also in Cooper's Select Cases 96.

Thus the attorney may be compelled to disclose the name of the person by whom he was retained, in order to let in the confession of the other party in interest; the character in which his client employed him, whether that of executor, or trustee, or on his private account; the time when an instrument was put into his hands, but not its condition and appearance at that time, as whether it was stamped or indorsed or not; the fact of his paying over to his client moneys collected for him; the execution of a deed by his client, which he attested. He may also be called to the identity of his client; the fact of his having sworn to his answer in chancery, if he were then present; the fact that he or his client is in possession of a certain document of his client, for the

purpose of letting in secondary evidence of its contents.  1 Greenl. Ev. 279–80.

The secrets of his client, which an attorney or counsellor is bound to keep, are the communications and instructions of his client relating to the management or defence of his case, and not any extraneous or impertinent communications.  *Dixon* v. *Parmalee*, 2 Vermont Rep. 185.

An attorney may be called to testify to a collateral fact, which he might know without its being intrusted to him by his client.  *Reeve* v. *Barton*, 6 Martin's Lou. Rep. 286, both cited in 3 Phillips' Evidence 193 ; as that a bond was lodged with his client, by way of indemnity, or that he expressed himself satisfied with a certain security.  *Hiester* v. *Davis*, 3 Yeates 4, cited as above.

1.  The witness says " that the matter relating to this suit was made known to him by his client, while he was acting as his attorney ;" but he does not say that he came to the knowledge when the affidavit was signed, while acting in that capacity.

2.  If he saw his client sign the affidavit, he is at liberty to tell when that took place.

3.  But Moor, 2d, and Gage are not his clients, and never were, and their attorneys ask the questions, and he can answer, if he knows when they signed the affidavit.

*D. & D. J. Clark,* for the plaintiff.

BELL, J.  In the case of *Brown* v. *Payson,* it was decided that an attorney cannot be called to testify as to the situation of an instrument placed in his hands, by his client, though he may be required to disclose the name of his client.  And the learned judge who delivered the opinion of the court, after a careful examination of the cases, expresses the opinion, in substance, that if any deed or writing is intrusted by a client to his attorney, in the course of any professional employment, the attorney cannot be required

nor, of course, permitted to produce the papers, nor to give parol evidence of their contents, nor to testify anything in regard to their state or situation, where his only knowledge in regard to them has been derived from the papers themselves, while in his possession by such delivery of his client, without the consent of the client himself. If he has any knowledge of the contents or situation of such papers, which he has not derived from the communication of his client, or from the papers themselves, while intrusted to him professionally by his client, he may be required to state it, like any other witness. And we think this view of the law, deduced from the opinion in *Brown* v. *Payson*, is sustained by the authorities there collected, as well as by the general principle on which all these cases are founded.

The present case raises a further question as to the extent to which the protection afforded by the law to attorneys and counsel, against being compelled to state the secrets of their employers, is to be carried. It is contended, on the part of the plaintiffs, that the attorney who, by reason of his employment as such, is present when some act is done material to the interests of his employer, is not to be required to give evidence in regard to it. From the interrogatories and answers, it may be inferred that the defendant contends that the mortgage, which is the subject of the inquiry, was not completed by the signatures and jurat of the affidavit required by the statute, until long after the date, and that its effect may to some extent depend on that circumstance; and that these signatures were affixed to the affidavit in the office and in the presence of the counsel. Under such circumstances is the counsel bound to state the facts thus occurring under his personal observation, but of which he would not, perhaps, had have any knowledge, but for the relation in which he stood to his client. On this question we have examined the early authorities within our reach, which are collected and reviewed by *Bronson*, J., in a very able and learned opinion, in the case of *Coveney* v.

*Tannahill,* 1 Hill 33, where it was held that if an attorney was present at any transaction, in the way of business, between his client and a third person, he is not privileged as to what then took place. But the reasoning of the court goes much further; that if an attorney is present at any transaction material to a case between any parties whatever, he is bound to testify what occurred, on the ground that his knowledge is not derived from any communication from his client, but from his own observation. If, during such transaction, any communication is made to him by his client, he cannot disclose that, but this does not extend to statements made to others by the attorney, in the client's presence.

This decision is sustained by the opinion of *Walworth,* Ch., in the case of *Crosby* v. *Burger,* 11 Paige 378, where he says, " The appellant is under a mistake in supposing that an attorney or counselor is privileged from answering as to every thing which comes to his knowledge while he is acting as attorney or counsel. The privilege only extends to information derived from his client, as such, either by oral communications or from books or papers shown to him by his client, or placed in his hands, in his character of attorney or counsel. Information derived from other persons or from other sources, although such information is derived or obtained while acting as attorney or counsel, is not privileged. The object of the rule protecting privileged communications from being disclosed by the attorney or counsel, is to secure to parties who have confided the facts of their cases to their professional advisers, as such, the benefit of secrecy as to such communications. But the principle of the rule does not apply to the discovery of facts within the knowledge of the attorney or counsel, which were not communicated or confided to him by his client, although he became acquainted with them while engaged in his professional duty as the attorney or counsel of his client. And the same point is supported by the decision of the same learned judge, in *Bank of Utica* v. *Mersereau,* 3 Barb. Ch.

Rep. 528, where it is held that an attorney, who is professionally employed to prepare a deed for his client, and who afterwards witnesses its execution, may be compelled not only to prove the execution of such deed, but also to testify whether it was antedated, whether it was in the same form in which it now appears, at the time of its execution, or has been altered, or whether it was actually delivered at the time he subscribed his name thereto as a witness. We do not understand that the duty of the attorney, in such a case, depends in the slightest degree upon the fact of his being employed to draw the deed, or upon his being an attesting witness; but upon the fact that he does not derive his knowledge from any communication of his client.

So far, then, as this objection is concerned, we think the witness was bound to answer. See 1 Greenl. Ev. § 245; Dan. Ch. Pr. 643; Story's Eq. Pl. §§ 601, 602, and cases cited by the defendants.

But he further objects that neither he nor his client had any notice that he would be used as a witness, and that his client had not had such notice as to enable him to employ other counsel. This objection, we suppose, rests on the general rules of practice of the court, Nos. 33 and 34, as we are aware of no common law principle applicable to the point. The first of these applies only to the conduct of causes before juries. The other evidently relates to testimony upon the stand, and not to depositions like this, in cases in chancery. Neither furnishes any reason for declining to answer the interrogatories.

The objections of the witnesses are in the nature of a demurrer to interrogatories, (Dan. Ch. Pr. 1023–1031,) and must be overruled; and the order will be that the witness go before the commissioner and answer, or, &c.